■ In the Matter of JAMES BOOTHBY, as Acting Director of the J. N. Adam Developmental Disabilities Service Office, Appellant, v MARGARET S., Respondent. [635 NYS2d 390] —Order unanimously reversed on the law without costs, motion denied and petition reinstated. Memorandum: Supreme Court erred in dismissing without prejudice a petition seeking authorization for a thyroidectomy to be performed on respondent, who is mentally retarded. The petition alleges that, "by reason of her mental retardation, [respondent] is unable to make a meaningful decision with respect to the necessity and desirability of having an operation performed on her." Petitioner's citation to a superseded regulation is not fatal to the petition, particularly where the later regulation is substantially the same as the earlier one. Petitioner cited the correct regulation, i.e., 14 NYCRR 633.11 (a) (1) (iii), in opposition to the motion to dismiss. Pursuant to that regulation, informed consent to proposed professional medical treatment must be obtained from a court of competent jurisdiction for those persons who reside at a facility operated or certified by the Office of Mental Retardation and Developmental Disabilities. Respondent does not dispute that she resides in such a facility. In any event, "the State has a legitimate interest in asserting its *parens patriae* powers over the mentally incompetent, both to provide care and to safeguard the best interests of those who are physically unable to care for themselves" *(Matter of Eichner [Fox],* 73 AD2d 431, 451, *mod sub nom. Matter of Eichner v Dillon,* 52 NY2d 363, *cert denied sub nom. Storar v Storar* 454 US 858). We reject the contention of respondent that disparate treatment of mentally ill and mentally retarded persons violates her right to equal protection *(see generally, Heller v Doe,* 509 US 312). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Medical Authorization.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.